UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JORGE LOPEZ, | § | |
| | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-11-1110 |
| | § | |
| CONTINENTAL AIRLINES, INC., | § | |
| | § | |
|     *Defendant*. | § | |

**ORDER AND FINAL JUDGMENT**

Having reviewed the Magistrate Judge's Memorandum and Recommendation ("M&R") dated June 13, 2012 (Dkt. 53), the objections filed by Plaintiff Jorge Lopez on June 25, 2012 (Dkts. 54, 55), other relevant documents in the record, and applicable law, the court is of the opinion that the M&R should be ADOPTED by this court.

**I. ADEA CLAIM**

The M&R recommends that Defendants Continental Airlines, Inc.'s ("Continental") motion for summary judgment be granted on Lopez's Age Discrimination in Employment Act ("ADEA") claim because Lopez did not indicate on his charge form with the EEOC that he was alleging age discrimination and thus failed to exhaust his administrative remedies. Dkt. 53. Lopez argues that he sufficiently presented his age discrimination claim to the EEOC because he mentioned that Continental reinstated a specific employee, Ramiro Rosado, whose employment was allegedly terminated for engaging in the same conduct as Lopez, in the EEOC charge, and Rosado is only 30 years old. Dkt. 54. The EEOC form, however, contains no indication of Rosado's age, and Lopez did not check the "age" box on the form. *See* Dkt. 35-14. The court agrees with the Magistrate

Judge that, notwithstanding the fact that a younger person's name was included on the form, "there is nothing on Plaintiff's charge form that would reasonably apprise an EEOC investigator that Plaintiff was alleging age discrimination." Dkt. 53. Lopez's objection with regard to his ADEA claim is therefore OVERRULED.

## II. ADA Claim

The M&R recommends that Lopez's Americans with Disabilities Act ("ADA") claim be dismissed because Lopez did not show that his forgetfulness when multi-tasking substantially limited at least one major life activity and, even if he had shown such a limitation, he has presented no valid summary judgment evidence that Continental's legitimate nondiscriminatory reason for terminating Lopez's employment—that Lopez violated federal screening regulations and company policy when he proceeded through an operational door while off duty—is pretext. Dkt. 53. Lopez objects to the finding that his forgetfulness did not substantially limit at least one major life activity, reasserting that he had "surgery in his head" that causes "periodic episodes of forgetfulness" and that the breach in security that led to his termination was therefore "involuntary." Dkt. 54. Regardless, Lopez has not presented any evidence demonstrating that these episodes substantially limit or significantly restrict a major life activity. With regard to pretext, Lopez names several individuals who allegedly breached security and were not terminated. However, as the Magistrate Judge recognized in the M&R, Lopez has produced no evidence of personal knowledge of these alleged infractions. Dkt. 53. The court must base its ruling on evidence, not unsubstantiated allegations. Lopez's objections with regard to his ADA claims are therefore OVERRULED.

### III. BREACH OF CONTRACT CLAIM

The M&R also recommends that the court grant summary judgment in Continental's favor on Lopez's breach of contract claim because Lopez did not have an employment contract with Lopez. Dkt. 53. In his objections, Lopez notes that he was an "employee under contract 'at will,'" but complains that "defendant does discrimination at will." Dkt. 54. Lopez provides no evidence to dispute the Magistrate Judge's finding that he was an at-will employee. Because Lopez was an at-will employee, Continental was entitled to terminate his employment at will. This does not mean that Continental could terminate Lopez's employment for discriminatory reasons, but Lopez has failed to present any triable issues with regard to his discrimination claims. Lopez's objections with regard to his breach of contract claim are OVERRULED.

### IV. CONCLUSION

All of Lopez's objections to the M&R are hereby OVERRULED. Lopez's request for Rule 13 sanctions, which is contained at the end of his objections, is DENIED. The M&R is ADOPTED IN FULL. Continental's Motion for Summary Judgment (Dkt. 35) is GRANTED, and Lopez's claims are hereby DISMISSED WITH PREJUDICE.

This is a FINAL JUDGMENT.

Signed at Houston, Texas on June 27, 2012.

Gray H. Miller
United States District Judge